UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AJAYA RANA,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, et al.,

Respondent.

Case No.: 26-cv-5657-RSH-DDL

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 1, 2026, petitioner Ajaya Rana, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

This is Petitioner's fifth petition for writ of habeas corpus challenging his detention. *See Rana v. LaRose*, Case No. 26-cv-285-RSH-DDL (S.D. Cal. Jan. 16, 2026) ("First Petition"); *Rana v. LaRose*, Case No. 26-cv-2563-RSH-DDL (S.D. Cal. Apr. 22, 2026) ("Second Petition"); *Rana v. LaRose*, Case No. 26-cv-3829-RSH-DDL (S.D. Cal. July 1, 2026) ("Third Petition"); *Rana v. LaRose*, Case No.: 26-cv-4873-RSH-AHG (S.D. Cal. Aug. 26, 2026) ("Fourth Petition"). The instant Petition raises similar arguments to the First, Second, Third, and Fourth Petitions. On February 11, 2026, Petitioner received a bond hearing, and the immigration judge ("IJ") denied bond based on risk of flight. ECF

No. 4-4. Petitioner is required to exhaust his administrative remedies through an appeal to the BIA before seeking habeas review of the IJ's adverse bond determination. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). As before, the Court declines to reach the merits of Petitioner's unexhausted legal challenges to the IJ's adverse bond determination.

Petitioner also asserts his detention is unconstitutionally prolonged. *See* ECF No. 1 at 7-8.[1] "Petitioner's due process claim challenging his prolonged detention . . . fails because petitioner received a bond hearing before an immigration judge." *Campbell v. Warden, California City Det. Facility*, No. 1:26-CV-04505-DAD-CSK, 2026 WL 2149763, at *3 (E.D. Cal. July 27, 2026); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("[D]uration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a)[.]") (quotation omitted).

Petitioner has not met his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Hon. Robert S. Huie
United States District Judge

---

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.